LDD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

v.                              :        CRIMINAL NO. 10-138

GEORGE BANKS                    :

FILED
APR - 1 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## PRETRIAL DETENTION ORDER

AND NOW, this 31st day of March, 2010, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

- There is probable cause to believe that the defendant has violated 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. §§ 924(c) and 922(g).

- The evidence in this case is strong. On two separate occasions, a

confidential informant ("CI") working at law enforcement direction made purchases of crack from co-defendant Daryl Sanders. Each purchase unfolded in the same manner: After Sanders met the CI in the CI's car, he would get in contact with the defendant, George Banks, who would drive to the area and park his car a short distance away. Sanders would then leave the CI's car, get into Banks' car for a brief period, and then go back to the CI and hand the CI the drugs. Finally, on Feb. 3, 2010, Banks and Sanders were arrested in the course of a third crack sale to the CI. On that day, the CI, who had ordered $3800 worth of crack from Sanders, met Sanders in the CI's car. When Sanders left the CI's car and got into Banks' car, agents moved in and arrested Banks and Sanders. When they did, they found the $3800 the CI had just given to Sanders (the serial numbers on the bills had been prerecorded), along with approximately 111 grams of crack that Sanders was about to sell to the CI. The crack was found on the floor of Banks' car. A search of Banks' residence yielded, among other things, 97 grams of crack and nearly a kilogram of cocaine; drug packaging paraphernalia; a loaded .40 caliber Sig Arms handgun, along with a Sig Arms gun case with the name "Banks" on the side; and $6396 in cash.

- The total maximum statutory penalty defendant faces is life in prison. The defendant also faces a mandatory minimum under 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c) of 25 years. Defendant faces a Sentencing Guidelines range of 228-270 months, creating a substantial incentive to flee.

- The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community at large and increases the high risk that the defendant will not appear as required by the Court.

- As there is probable cause to believe that the defendant committed an

offense punishable by 10 or more years in jail under the Controlled Substances Act, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE CAROL SANDRA MOORE WELLS
United States Magistrate Judge